# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL D. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:14-cv-00143-TWP-DKL |
| | ) | |
| CAROLYN COLVIN Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Michael D. Turner ("Mr. Turner") requests judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act").[1]  For the reasons set forth below, the Court **REVERSES** the Commissioner's decision and **REMANDS** this case for further proceedings.

## I.    BACKGROUND

### A.  Procedural History

Mr. Turner filed an application for DIB on May 11, 2011, alleging a disability onset date of June 1, 2010.  The claim was denied initially and upon reconsideration, and he requested a hearing on October 3, 2011.  On August 8, 2012, a hearing was held before Administrative Law Judge Michael Hellman (the "ALJ").  The ALJ issued a decision on September 6, 2012, finding that Mr. Turner was not disabled from his alleged onset date through the date of the ALJ's decision.

---

[1] In general, the legal standards applied are the same regardless of whether a claimant seeks Disability Insurance Benefits or Supplemental Security Income.  However, separate, parallel statutes and regulations exist for DIB and SSI claims.  Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates.  The same applies to citations of statutes or regulations found in quoted decisions.

On January 7, 2014, the Appeals Council denied Mr. Turner's request for review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.

**B. Factual Background**

Mr. Turner was 55 years old at the time of his alleged disability onset date and 57 years old on the date the ALJ rendered his decision. Mr. Turner has a high school education and relevant work history as a fork lift operator and a trailer assembler. He alleges disability due to pain and postural limitations in his neck.

Mr. Turner underwent cervical spine fusion in 2002 from C4 through C7. He claims that he has difficultly looking up and down, and that sharp turns of his head to the left or right are problematic. Mr. Turner sought treatment for his neck pain with his internist, Troy Quiz, M.D. ("Dr. Quiz") after his alleged onset date of disability. During these office visits, Mr. Turner primarily requested medication refills for his neck pain and had sporadic complaints of shoulder or other pain.

In June 2011, Mr. Turner was seen by a physician for a consultative examination. The consultative examiner noted that Mr. Turner complained of pain in his arms, hand numbness, reduced grip, and reduced ability to stand and walk. However, the examination was largely normal, with the exception of limited ranges of cervical-spine motion. Also in June 2011, non-examining State agency physician Dr. J.V. Corcoran ("Dr. Corcoran") determined that Mr. Turner could perform a limited range of exertionally "medium" work, including a need to avoid concentrated exposure to extreme heat. These findings were affirmed by non-examining State agency physician Dr. Ruiz.

## II.    DISABILITY AND STANDARD OF REVIEW

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity, he is not disabled, despite his medical condition and other factors. 20 C.F.R. § 416.920(a)(4)(i). At step two, if the claimant does not have a "severe" impairment (i.e. one that significantly limits his ability to perform basic work activities) that meets the durational requirement, he is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). At step three, the ALJ determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, and whether the impairment meets the twelve month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 416.920(a)(4)(iii). In order to determine steps four and five, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"), which is the "maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675-76 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(1); SSR 96-8p). At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). At step five, if

the claimant can perform any other work in the national economy, he is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

In reviewing the ALJ's decision, this Court must uphold the ALJ's findings of fact if the findings are supported by substantial evidence and no error of law occurred. *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Further, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). While the Court reviews the ALJ's decision deferentially, the Court cannot uphold an ALJ's decision if the decision "fails to mention highly pertinent evidence, . . . or that because of contradictions or missing premises fails to build a logical bridge between the facts of the case and the outcome." *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010) (citations omitted).

The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). The ALJ is required to articulate only a minimal, but legitimate, justification for his acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004).

### III.     THE ALJ'S DECISION

As an initial matter, the ALJ found that Mr. Turner meets the insured status requirements of the Act through December 31, 2015, for purposes of DIB. At step one, the ALJ found that Mr. Turner had not engaged in substantial gainful activity since June 1, 2010, the alleged onset date. He noted that Mr. Turner received unemployment benefits in 2010 and 2011, necessarily certifying

4

that he was ready, willing and able to work and was looking for employment, which was factored into the ALJ's credibility determination. At step two, the ALJ found that Mr. Turner's degenerative disc disease of the cervical spine was a severe impairment. At step three, the ALJ found that Mr. Turner does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ concluded that Mr. Turner has the residual functional capacity to perform medium work with the following limitations: frequently climb ladders, ropes, scaffolds, ramps or stairs; cannot engage in repetitive rotation, flexion or extension of the neck; able to frequently reach including overhead reaching bilaterally with upper extremities; avoid concentrated exposure to temperature extremes; avoid concentrated exposure to vibration, concentrated use of moving machinery, and concentrated exposure to unprotected heights. At step four, the ALJ determined that Mr. Turner is unable to perform any of his past relevant work. At step five, the ALJ found that considering Mr. Turner's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform, thus concluding that he is not disabled as defined in the Act.

## IV. ANALYSIS

Mr. Turner raises an issue regarding the ALJ's reliance on the Vocational Expert's ("VE") testimony at the hearing. The VE testified that considering Mr. Turner's RFC, which required that he avoid concentrated exposure to temperature extremes, he could perform work as a food service worker under Dictionary of Occupation Titles ("DOT") No. 319.677-014. This is the only position identified by the VE. At the hearing, the ALJ asked the VE whether his testimony was consistent with the DOT, to which the VE replied that it was. However, Mr. Turner argues that the job of food service worker does require occasional exposure to extreme heat under the description in the

DOT and the DOT's companion volume, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO"), and the VE's testimony is therefore erroneous.

The Court finds that this case requires remand due to the ALJ's failure to satisfy the requirements of Social Security Ruling 00-4p by failing to require the VE to explain the conflict between Mr. Turner's RFC and the DOT description of the position that the VE testified that Mr. Turner could perform. "Under SSR 00–4p, an ALJ has an 'affirmative responsibility' to ask whether a vocational expert's evidence 'conflicts with information provided in the DOT' before relying on that evidence to support a determination of nondisability." *Overman v. Astrue*, 546 F.3d 456, 462-63 (7th Cir. 2008) (quoting SSR 00–4p). "When there is an apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p.

The ALJ satisfied the first step by asking the VE if his testimony was consistent with the DOT; however, the VE answered incorrectly that it was. The Commissioner argues that because Mr. Turner failed to raise the issue and bring the conflict to the attention of the ALJ at the hearing, he waived this issue. However, the Seventh Circuit has held that "because SSR 00–4p imposes an affirmative duty *on the ALJ* to inquire into and resolve apparent conflicts, a claimant's failure to raise a possible violation of SSR 00–4p at the administrative level does not forfeit the right to argue later that a violation occurred." *Overman*, 546 F.3d at 463 (citing *Prochaska v. Barnhart*, 454 F.3d 731, 735 (7th Cir. 2006)) (emphasis in original). The ALJ has an affirmative duty to "elicit a reasonable explanation of any discrepancy." *Id.* Mr. Turner raised this issue both before the

Appeals Council and before this Court; therefore, he has not forfeited this argument. *Id.* (argument under SSR 00-4p was not waived where claimant raised issue before the district court).

Mr. Turner's counsel did not bring the conflict between Mr. Turner's RFC and the VE's testimony to the attention at the ALJ at the hearing, nor did he solicit any testimony from the VE that conflicted with the VE's conclusion. In order to constitute reversible error, any conflicts between the testimony and the DOT not inquired about by the ALJ must have been "obvious enough that the ALJ should have picked up on them without any assistance" even if the claimant's attorney did not notify the ALJ of a possible conflict at the hearing. *Id.* at 463. At the hearing, the VE testified to the specific DOT number associated with the job of "food service worker," and the description explicitly states that that such a position requires occasional exposure to extreme heat. ([Filing No. 13-6, at ECF p. 60](#)). "[C]onflicts that are readily identifiable without requiring additional interpretation by the ALJ meet the standard that the error be sufficiently obvious." *Whitten v. Colvin*, No. 1:13-CV-01119-SEB-MJ, 2014 WL 3509972, at *5 (S.D. Ind. July 14, 2014); *see also Dross–Swart v. Astrue*, 872 F. Supp. 2d 780, 798–800 (N.D. Ind. 2012) (finding that the conflicts were "apparent from the very terms of the positions' descriptions [in the DOT]" and could have been resolved with a quick review of the DOT). Because the error here could have been resolved by a quick review of the DOT by the ALJ, the Court finds that the conflict between the VE's testimony and the DOT was sufficiently apparent to warrant remand.

## V.     <u>CONCLUSION</u>

The Court finds that the ALJ's step five determination was based entirely on a VE's erroneous testimony, thus the disability determination was not supported by substantial evidence. *Overman*, 546 F.3d at 465 (VE's erroneous testimony was not "sufficient for a reasonable person to accept as adequate to support the decision" and thus could not support the ALJ's finding that

claimant could perform other work).  Therefore, the decision of the Commissioner is **REVERSED**

and this matter is **REMANDED** for further proceedings under sentence six of 42 U.S.C. § 405(g).

SO ORDERED.


Date: 3/31/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

J. Frank Hanley, II
jfrankhanley@jfrankhanley.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov